THE CITY OF PORTLAND, Plaintiff, *v.* JAMES O'NEILL, Defendant.

*Adjourned from Multnomah—Action to recover penalty for Violation of City Ordinance.*

1. The charter of the City of Portland provides, " that the Mayor and Common Council shall have power to license, tax and regulate brokers, pawnbrokers and money-changers." *Held,* that they have no power to regulate or license " the sale of bills of exchange," when the business is transacted by persons on their own account, and with their own funds.
2. Defendant, being a salaried agent, and not acting for a fee, or rate per cent., for others, is not a broker.

HOLMES, city marshal, complained of defendant as follows: " that said O'Neill is engaged in the business of money brokerage, or sale of bills of exchange, within the limits of said city, and has failed to take out a license therefor," &c. Defendant was found guilty by the recorder of the city under this charge, and fined $100. He appealed to the District Court, and the case has been adjourned for the decision of this court. Defendant, as it appears from the evidence, is the salaried agent of Wells, Fargo & Co., and, without license, is engaged in the business of buying bills of exchange with their funds, and selling bills drawn by them upon their houses in the States.

*D. Logan,* for plaintiff.

*A. Campbell,* for defendant.

City of Portland *v.* O'Neill.

WILLIAMS, C. J. Beyond dispute, defendant has violated the ordinance as charged, for that prohibits the sale of " bills of exchange" without a license. Defendant, however, denies the validity of the ordinance. The city charter provides that the mayor and common council shall have power, among other things, "to license, tax and regulate brokers, pawn-brokers and money-changers." Now, unless the business of defendant is that of a "broker," it is not pretended that the city authorities, under the charter, have any power to prohibit or license it. Webster defines a "broker" to be "an agent or negotiator, who is employed by merchants to make and conclude bargains for them for a fee, or rate per cent." Exchange brokers, he further says, are those "who make and conclude bargains for others in matters of money or merchandise ; learn the rate of exchange, and notify their employers." Defendant, then, is not a broker according to this authority, for he does not make bargains for "others," but buys and sells on his own account, and with his own funds, or on the account and with the funds of his principals, which is the same thing ; as he is a salaried agent, and does not act for " a fee, or rate per cent." Bouvier says, (*vol. 1, page* 209,) that brokers " are those who are engaged for others in the negotiation of contracts relative to property, with the custody of which they have no concern."

We conclude, then, that the mayor and common council of Portland have no power to regulate, or license " the sale of bills of exchange," when the business is transacted by persons on their own account, and with their own funds.

Wherefore the judgment of the recorder must be reversed.

Judgment reversed.