JOHN J. DONNELLY *vs.* WILLIAM CUNNINGHAM *et al.*

Argued July 17, 1894.　Modified July 23, 1894.

No. 8898.

**Rescission of contract for undisclosed interest of grantee's agent.**

C. and W. were equitable tenants in common of a lot, but the legal title was, as they supposed, wholly in W. C. was employed by D. as agent to purchase some property for him. C. purchased for D. the lot in question, and procured for him a conveyance from W. C., by inadvertence, and without any intention to defraud D., failed to inform him that he was interested in the lot. W. acted in entire good faith, and 'did not know that C. had failed to inform D. of his interest in the property. Upon ascertaining that C. was interested in the property, D. brought an action to rescind against both C. and W. *Held,* that D. had a right to rescind, as to C.'s half of the lot, on the ground that the latter had failed to disclose his interest in the property; and the fact that there was no actual or intentional fraud on the part of C. is immaterial.

**Rescission as to third party for fraud only.**

But, *held,* also, that the facts found did not entitle D. to a rescission as to W.; that a rescission, as to him, could only be had on the ground of actual fraud or bad faith,—he not being the agent of D., and not occupying any relation of trust or confidence towards him.

Appeal by defendants, William Cunningham and George W. Wentworth, from a judgment of the District Court of Ramsey County, *John W. Willis,* J., entered March 7, 1894, rescinding their sale of a lot to plaintiff, John J. Donnelly, and adjudging repayment to him of $3,257.84 the purchase price.

*Stringer & Seymour,* and *C. D. & Thos. D. O'Brien,* for appellants, cited *Massey* v. *Davies,* 2 Vesey 317.

*James Schoonmaker,* for respondent, cited *Bentley* v. *Craven,* 18 Beav. 75; *Tyrrell* v. *Bank of London,* 10 H. L. Cas. 26; *Davoue* v. *Fanning,* 2 John. Ch. 252; *Cumberland Coal & I. Co.* v. *Sherman,* 30 Barb. 553; *Friesenhahn* v. *Bushnell,* 47 Minn. 443; *Williams* v. *Journal Print. Co.,* 43 Minn. 537; *Gillette* v. *Peppercorne,* 3 Beav. 78; *Wentworth* v. *Lloyd,* 32 Beav. 467; *Panama & S. P. Tel. Co.* v.

*India-Rubber, G. P. & Tel. Works Co.*, L. R. 10 Ch. 515; *Young* v. *Hughes*, 32 N. J. Eq. 372; *Ely* v. *Hanford*, 65 Ill. 267.

MITCHELL, J. This was an action to rescind and set aside a conveyance of real estate to plaintiff from defendant Wentworth, and recover back the purchase money from both defendants. The case comes up on the pleadings and findings of fact, without any "case" or bill of exceptions. The facts found are as follows:

The two defendants were, equitably, tenants in common of a lot in St. Paul; but the legal title to one part of it was wholly in Wentworth, and of the remainder wholly in Cunningham, but both of them supposed that the title to the entire lot was in Wentworth. Plaintiff, a resident of Montana, employed Cunningham, a resident of St. Paul, to invest some money for him in real estate in that city. Cunningham reported to plaintiff two lots in St. Paul that could be purchased, and the prices at which they could be bought, and requested him to select the one he wanted to buy. One of these lots was the one referred to, and the other a lot on University avenue, in which Cunningham was also interested. Cunningham informed plaintiff that he was interested in the University avenue lot, but through the inadvertence of his clerk who conducted the correspondence, and without any fraudulent intent, failed to inform plaintiff that he was also interested in the other lot. In response to Cunningham's letter, plaintiff instructed him to buy whichever lot most commended itself to his judgment. Thereupon, Cunningham, honestly exercising his best judgment, and without any intention to defraud, purchased for plaintiff the first lot, and secured a conveyance thereof to him from Wentworth; both supposing, as already stated, that the title to the whole lot was in him. On discovering the mistake, and before the commencement of this action, Cunningham executed and tendered to plaintiff a conveyance of the part of the lot the title to which was in him, but plaintiff refused to accept it. Wentworth "did not know or suppose or believe" that Cunningham had failed to inform plaintiff of his interest in the lot. Both defendants acted in good faith, and without any intention to defraud plaintiff. The lot was worth all that was paid for it, and plaintiff has sustained no actual damage. Plaintiff supposed that Wentworth was the sole owner of the lot, as indicated by his conveyance. Upon discovering that Cunningham

was interested in it, plaintiff seasonably tendered a reconveyance of the property, and demanded back his purchase money.

There is no finding that Cunningham and Wentworth were partners, or that the former was agent for the latter in the transaction. On the contrary, the fair construction of the findings is that, as tenants in common, each acted for himself in the sale of the property, although, on the supposition that the legal title was wholly in Wentworth, he alone executed the deed.

1. As to Cunningham, and his undivided half interest in the property, there can be no doubt of plaintiff's right to rescind. It is one of the first elementary principles of the law of agency that the law will not tolerate any secret or undisclosed interest in the agent antagonistic to that of the principal. An agent is not permitted to become a secret vendor or purchaser of property which he is authorized to buy or sell for his principal. If he sells to his principal his own property as the property of another, without disclosing the fact, the bargain, at the election of the principal, will be held void. It is not necessary to show that fraud was intended, or that loss afterwards followed. Actual fraud or actual injury is not the principle upon which the law proceeds in such cases. Fidelity in agents is what is aimed at, and, as the best means to insure that, the law declares all such transactions void, as respects the principal, unless ratified by him with full knowledge of all the facts. These propositions are so elementary that the citation of authorities in support of them is unnecessary. The fact that plaintiff failed to prove the allegations of actual fraud and of a fraudulent conspiracy between the two defendants will not prevent his obtaining the relief to which he is entitled on account of Cunningham's undisclosed interest in the property. Such relief is consistent with the case made by the complaint, and justified by the facts found.

2. But the facts found will not justify a rescission as to defendant Wentworth. He occupied no relation of trust or confidence to plaintiff, and owed him no affirmative duty to investigate as to the exact relations between him and his agent, or to communicate personally with him before accepting Cunningham's offer for his interest in the lot, in order to ascertain whether Cunningham had been guilty of any dereliction of duty as agent. Had Cunningham been in any sense the agent of Wentworth, or had it been shown that there was

a fraudulent conspiracy or some surreptitious dealings between them for the purpose of deceiving or defrauding the plaintiff, the case would have been entirely different. It seems to us that a recovery against Wentworth can only be had on the ground of actual fraud. We think that, in every case where a party other than the agent himself has been held liable to the principal, it has appeared that he was a participant in, or at least cognizant of, the fraud of the agent. Take for example the three English cases so much relied on by plaintiff. In *Tyrrell* v. *Bank of London*, 10 H. L. Cas. 26, one principal entered into a surreptitious joint speculation with the solicitor of the other principal, with a view to selling certain property to the latter, and, to interest the solicitor in the scheme, agreed to share with him the profits of the sale.

In *Panama & S. P. Tel. Co.* v. *India-Rubber, G. P. & Tel. Works Co.*, L. R. 10 Ch. App. 515, one principal to a contract entered into a surreptitious contract with the agent of the other principal, in which the agent assumed a position inconsistent with his duty to his principal under the first contract. What is said in *Wentworth* v. *Lloyd*, 32 Beav. 467, is with reference to the fact that an agent to sell, without the knowledge of his principal, entered into an arrangement with others to buy the principal's property on joint account, and in pursuance of that arrangement took a beneficial interest in the purchase, with the knowledge and concurrence of his copurchaser. Had the title to Cunningham's interest been in a third party, with whom Wentworth joined in a conveyance to plaintiff, there would hardly be any doubt about the case. The only circumstance that creates any question about it is the fact that the legal title to Cunningham's half of the property was, as supposed, wholly in Wentworth, and therefore a deed from him alone would imply that he was the sole owner of the lot, and would convey no notice to a purchaser that Cunningham had an interest in it. This fact would be important evidence bearing upon the question of Wentworth's good faith; but we do not think that it had the effect, per se, of imposing upon him the duty of informing Wentworth of Cunningham's interest, or of inquiring of him personally whether Cunningham had informed him of the fact. To hold otherwise would be, in effect, to hold that he owed plaintiff the full duty of an agent. From some things appearing in the record, as well as from suggestions made on the argu-

ment, it seems quite possible that the case was not tried in the court below entirely upon the legal lines indicated in this opinion; and hence it might work injustice if this court should absolutely order judgment upon the present findings. The cause is therefore remanded, with directions to the trial court to modify its judgment so as to render judgment in favor of the defendant Wentworth for costs, and in favor of the plaintiff against the defendant Cunningham for one-half the purchase money, interest, and taxes, upon a reconveyance to him of an undivided half of the lot, or to order a new trial of the whole case, if applied for by the plaintiff, as to the court may seem best.

So ordered.

CANTY, J. I concur in the result reached in this case, but not in the reasons given for exempting Wentworth from liability. If the title to the whole lot was in Wentworth, as he had supposed it was, he would be bound to know that there would be a secret vice in the bargain, unless the plaintiff was informed of Cunningham's interest in the property. He had no right to presume that Cunningham would make a disclosure so much against his own interest as to inform plaintiff that he was interested in the property with Wentworth, and unless plaintiff was informed there was no opportunity for him to discover it. The transaction, on its face, would show a sale by Wentworth alone to plaintiff, and Wentworth would have no right to presume that plaintiff understood it to be anything else. Besides, the mere fact that the agent, in selling his own property to his principal when the title to that property is in the name of a third party, by whom the sale appears to be made, is so suspicious and unusual a circumstance that it should be conclusively held sufficient to put that third party on his guard. In such a case the failure on the part of Wentworth to disclose the interest of Cunningham would be a constructive fraud.

But the title to the whole of the lot was not in Wentworth, though he supposed it was, but the title to a considerable part of it was of record in Cunningham. Then the vice in the bargain was not a secret vice, but one which would ordinarily and naturally be disclosed in conveying the property to plaintiff. In such case it was not the duty of Wentworth to see that plaintiff was informed that Cunning-

ham was interested in the property, and unless he did something to mislead the plaintiff, or knew that Cunningham was misleading him, it would be neither an actual nor a constructive fraud on his part to fail to inform plaintiff of Cunningham's interest. Then, if the transaction itself was not a constructive fraud, and if Wentworth was acting in good faith, the fact that he supposed the transaction to be such as in law would constitute a constructive fraud will not make it such, or make him liable.

(Opinion published 59 N. W. 1052.)