JOHN J. DONNELLY v. GEORGE W. CUNNINGHAM and Another.[1]

May 13, 1895.

Nos. 9204–9206—(23–25).

**Trial—Ruling on Evidence.**

> On the trial of this action, without a jury, the issue being the alleged fraud of the defendants, the court, of its own motion, after the plaintiff had rested his case, and during the examination in chief of one of the defendants, ruled that the evidence already submitted wholly failed to show any fraud on the part of either of the defendants. The plaintiff did not intimate a desire to cross-examine the witness, or any purpose to offer any further evidence. *Held*, that the ruling was not error.

**Fraud—Error without Prejudice.**

> Evidence considered, and *held*, that it sustains as to the defendant Wentworth a finding to the effect that neither of the defendants was guilty of any actual fraud in the premises, and as to the defendant Cunningham it is immaterial whether it is sustained by the evidence or not, for, by the judgment against him, the plaintiff obtained all the relief that he would have been entitled to in this action if the finding had been that he was guilty of such fraud.

Three separate appeals by plaintiff, two from orders of the district court for Ramsey county, Willis, J., denying motions for a new trial, and one from a judgment in favor of plaintiff and against defendants. Affirmed.

*Schoonmaker, Fleming & Hintermister*, for appellant.

*Stringer & Seymour*, for respondent.

START, C. J. This action was brought to rescind a conveyance of a certain lot made by the defendant Wentworth to the plaintiff, on the ground of the alleged fraud of the defendants, and to recover from them the consideration paid for the lot. The defendant Cunningham was the agent of the plaintiff, and as such purchased for him the lot from Wentworth; but in fact Cunningham owned one-half of the lot, although the title thereto stood in the name of Wentworth, except as to the south 30 feet thereof, which was in Cunningham, and each of the defendants received

[1] Reported in 63 N. W. 246.

one-half of the purchase price. The plaintiff had no knowledge as to his agent's ownership of a part of the lot until after the purchase was completed; but, when he did learn of it, he refused to ratify the purchase, tendered a deed of the lot to Wentworth, and brought this action. The trial court found, among other facts, in effect, that neither of the defendants was guilty of any fraud, and that both acted in good faith in the premises, but held both of them liable on the ground of implied fraud, and ordered judgment for the plaintiff, setting aside the purchase and conveyance of the lot, and for the recovery of the purchase price; and it was so entered, from which the defendants appealed to this court, where the case was heard on the findings of the trial court. This court held on such appeal that, in the absence of any fraud in fact or want of good faith on the part of the defendant Wentworth in the transaction, there could be no rescission as to him, and remanded the case to the district court, "with directions to modify its judgment so as to render judgment in favor of the defendant Wentworth for costs, and in favor of the plaintiff against the defendant Cunningham for one-half the purchase money, interest, and taxes, upon a reconveyance to him of an undivided half of the lot, or to order a new trial of the whole case if applied for by the plaintiff, as to the court may seem best." Donnelly v. Cunningham, 58 Minn. 376, 59 N. W. 1052. The plaintiff afterwards made two motions in the district court, upon the records, the settled case, and the decision of this court, for a new trial. His motions were denied, and the court modified its judgment as indicated by this court, and from these orders and also from the judgment the plaintiff brought separate appeals. His assignments of error, with one or two unimportant exceptions, are all involved in the determination of two general questions: (1) Did the trial court err in holding during the progress of the trial that the evidence was insufficient to show any actual fraud on the part of the defendants? (2) Are its findings to the same effect sustained by the evidence?

1. This first question must be answered in the negative. A simple statement of just what occurred upon the trial is all that need be said on this point. The plaintiff called the defendant Wentworth for cross-examination under the statute, and offered other evidence upon the issue as to the fraud of the defendants, and rest-

ed his case. A motion on behalf of Wentworth to dismiss the action as to him was made and denied, and he was then called as a witness on his own behalf, and during his examination in chief the court, on its own motion, stated: "I make the ruling now to the effect that the evidence so far submitted wholly fails to show fraud or any fraudulent design or fraudulent act or intent on the part of the defendants, or either of them. (Exception by plaintiff.)" There was no suggestion by the plaintiff that he had any further evidence to offer upon the issue, or that he desired to cross-examine the witness. The court did not put an end to the trial, as claimed by counsel, for it came to an end because neither party offered any further evidence. If the plaintiff had requested permission to cross-examine the witness, or to offer testimony in rebuttal, and the court had denied it, and he had excepted, he might have had cause for complaint.

2. Are the findings sustained by the evidence? The findings contain unnecessary details, especially in stating matters of evidence; but the ultimate material fact found was that neither of the defendants was guilty of any fraud, and that both acted in good faith in the premises. As to the defendant Wentworth the evidence is such that a finding of the trial court either way upon the question would not be disturbed on appeal. Clearly, the finding is not so manifestly against the evidence as to justify us in setting it aside. It is not so clear in the case of Cunningham that the finding is sustained by the evidence. On the contrary, the documentary evidence is emphatically suggestive of the conclusion that he fraudulently concealed from the plaintiff the fact that he owned one-half of the lot he was buying for his principal, the plaintiff. It is, however, unnecessary to decide this question, for, Wentworth having acted in good faith, there can be no rescission as to him, and he goes out of the case; and by the modified judgment the plaintiff obtains all the relief he is entitled to as against Cunningham in this action, even if the finding had been that he was guilty of actual fraud. Hence, if the trial court erred in making its finding in this particular, it was error without prejudice. We are not to be understood as holding that the relief granted the plaintiff is the full measure of Cunningham's liability to him, for it is not to be measured by the extent of his interest in the lot or the profit

made by him. This would be a narrow view of the matter, for his interest in the subject-matter of the sale characterized and vitiated, as between these parties, the whole transaction, rendering the purchase of the lot an act of bad faith and a breach of the trust reposed in him by the plaintiff. If the plaintiff had tendered a deed of the lot to the defendant Cunningham, and brought his action to compel him to accept the purchase as his own and refund the purchase money, it is not improbable the action might have been maintained; but we express no opinion on the question, for such is not this action. It is possible, by a liberal construction, to convert the complaint into an action for damages; but the finding of the trial court to the effect that the lot was worth $2,700, the purchase price, is not so manifestly against the evidence as to justify us in setting it aside. Upon the motion for a new trial there was no suggestion of a desire to amend the complaint, or that plaintiff had any new evidence, or that, if a new trial was granted, the second trial would proceed upon any different lines than the first one. We are satisfied, then, that the plaintiff has received by the modified judgment all the relief he would have been entitled to in this action if there had been a finding that Cunningham was guilty of actual fraud.

3. The assignments of error not specially referred to, and not necessarily included in a decision of the two general questions, have been considered, and found to be without merit.

Orders and judgment affirmed.