ADELAIDE KINGSLEY.v. SHERMAN WHEELER and Another.[1]

June 30, 1905.

Nos. 14,420—(189).

**Real Estate Agent.**

The evidence in this case was sufficient to justify the jury in finding that the defendants were the agents of the plaintiff for the sale of land.

**Same.**

A real estate agent enjoys no exemption from the ordinary rules governing the relationship of principal and agent.

**Duty to His Principal.**

Such an agent owes to his principal the duty of making a full, fair, and prompt disclosure of all circumstances affecting the principal's rights or interests. Whatever advantage accrues to him by a violation of that duty he must make good to the principal. If, after he has in fact contracted to sell land to a third person at an advanced price, he purchases the land himself from his principal, without disclosing the contract, and if he thereafter completes the sale, he renders himself liable to his principal in damages.

Appeal by defendants from an order of the district court for Polk county, Watts, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

H. Steenerson and Charles Loring, for appellants.

E. O. Hagen, for respondent.

JAGGARD, J.

In this case an action was brought by the plaintiff and respondent to recover from the defendants and appellants profits alleged to have been made by the defendants in the sale of a certain tract of land, under the claim by the plaintiff that at the time of the sale the defendants were her agents. The jury returned a verdict for plaintiff in the sum of $600.

The defendants were. the owners of the land described in the complaint, and on June 6 sold the land, three hundred twenty acres, to

[1] Reported in 104 N. W. 543.

the plaintiff, at the rate of $24.50 per acre, and for a sum of $7,840 in the aggregate. On September 23 the defendants procured a purchaser for the land, and contracted to sell it for the sum of $30 per acre, or the sum of $9,600 in the aggregate. On the same day one of them went to the residence of the plaintiff and bought the land back from plaintiff at the same price she had paid for it. The defendants did not inform the plaintiff of the facts in reference to this contract of sale, and the plaintiff did not discover them until afterward. The contention of the plaintiff was that the defendants were her agents for sale at the time they contracted to sell the land at an advanced price; that they falsely and fraudulently represented to the plaintiff that they were unable to find and produce a purchaser for the land, and induced her to sell to them at the price at which she bought, and by false and fraudulent representations induced the plaintiff to give to the defendants the crop on the premises, of the value of $375. The defendants denied the misrepresentations, and especially contended that they were not the agents of the plaintiff for the sale of the premises. Under the charge of the court, upon the evidence introduced upon the issues raised by the pleadings, the jury found in effect that the defendants were the agents of the plaintiff for the purpose of selling the land. The defendants urged upon this court that this verdict was not sustained by the evidence. This is the substance of the controversy.

1. An examination of the evidence shows, among other things, that plaintiff bought the land, as the defendants knew, for speculative purposes, in the hope, based in some measure upon defendants' statements, that it would increase rapidly in value. She had no agents other than the defendants for the sale of that land. She entered into an arrangement with them for a division of the crops. She became discouraged as to her venture, and defendants encouraged her despondency until she was willing to sell at a small increase over the price for which she had bought. A series of letters concerning the land itself, crops, and its sale by defendants were exchanged. There is room for much legitimate controversy as to whether or not these letters, including one proved by parol, amounted to a listing of the lands for sale by defendants. Construing the testimony as a whole, we are of opinion that the jury was justified in finding that the defendants were the agents of plaintiff for the sale of the land.

Defendants further contend that, if they were appointed the agents of the plaintiff, that relationship was revoked by her letter of August 27, in which she says:

> In regard to advance on that land, think it safer to wait a little and see what the crop and well amount to.

This letter did not operate as a revocation; on the contrary, it is consistent with the theory that the defendants had the land for sale for the plaintiff.

2. The principles of law applicable to this state of facts are as simple as they are well settled. This court has repeatedly emphasized the principle that real estate agents enjoy no exemption from the ordinary rules which govern the relationship of principal and agent. An agent owes a high degree of faithfulness for the protection and advancement of the interest of his principal. He must act solely for that interest, and not for his own or another's benefit; and must not, and is not allowed to, put himself in a position of conflicting interest with his principal. The principal has a right to repose confidence in the most perfect good faith of his agent, and to rely upon his consistent loyalty. The agent is not entitled to enjoy the fruits of any abuse of his position, or failure in consistent performance of legal duties. An agent to sell land does not fulfil the measure of legal requirements by merely carrying out his specific instructions. He owes the duty of making a full, fair, and prompt disclosure of all facts affecting the principal's rights or interests, or pertaining to the sale of land by him. He is denied the right to profit at the expense of his principal by concealment of facts which he ought to have revealed. Whatever advantage accrues to him by violation of his duties he must make good to his principal whom he has wronged. Tiffany, Ag., 414; Holmes v. Cathcart, 88 Minn. 213, 92 N. W. 956; Merriam v. Johnson, 86 Minn. 61, 90 N. W. 116; Hegenmyer v. Marks, 37 Minn. 6, 32 N. W. 785; Smitz v. Leopold, 51 Minn. 455, 456, 53 N. W. 719; Donnelly v. Cunningham, 58 Minn. 376, 59 N. W. 1052; Snell v. Goodlander, 90 Minn. 533, 97 N. W. 421.

The defendants in this case rendered themselves liable in damages by their failure to inform their principal of their opportunity and of their contract to sell. If defendants sold the land at an advanced price

to a man of straw, and then through him to the real vendee, they would have been held responsible for their profit. Their direct purchase put them in a position of immediate conflict of interest; their concealment from the principal of the sale at a substantial advance clearly made it equally repugnant to a sense of justice and to the rules of law. In Tilleny v. Wolverton, 54 Minn. 75, 55 N. W. 822, Justice Mitchell says: "The important and material fact for her to know was that her agent was interested as purchaser in the proposed sale of her property, and therefore that his interests did or might conflict with hers. If, with knowledge of this fact, she saw fit to approve of the sale, deliver her deed, and accept the purchase money, without inquiry as to the extent of his interest or as to the details of the arrangement between him and the other purchasers, she must be deemed to have deliberately ratified upon the knowledge she had, without caring for more." In that case, however, the sale was made to the agent and others on June 9, 1886, and the sale at an advanced price to a purchaser from these vendors was made April 17, 1887. In the case at bar the jury was justified in finding that the purchaser was found and contract of sale executed before the land was bought back from the plaintiff.

Order appealed from is affirmed.