Argued January 27, decided February 9, rehearing denied March 23, 1909.

## RODMAN v. MANNING.

[99 Pac. 657; 99 Pac. 1135.]

BROKERS—WHO ARE "BROKERS"—SALARIED AGENTS.

1. A "broker" is one engaged in making contracts for others relating to property not in his custody, he acting in a sense as agent for both parties, and a salaried agent not acting for a fee or commission is not a broker.

BROKERS — EVIDENCE OF AGENCY — SUFFICIENCY — INFERENCES AS TO AUTHORITY.

2. Where defendant knew that plaintiff was a real estate broker, he could infer, upon receiving an inquiry from plaintiff as to the price of property, that the latter was acting as agent for another in seeking to purchase.

BROKERS—EMPLOYMENT.

3. Where defendant received an inquiry from a real estate broker as to the price of land and made a certain price to the broker, less commissions to him, the acceptance thereof by the broker made him defendant's agent for the sale of the land.

BROKERS—FRAUD OF BROKER—ACTING FOR OWN INTEREST.

4. Where an agent employed to sell land purchases the land himself, and conceals from his principal the fact that he intends to sell the land to another for a greater price, he is guilty of such fraud as will invalidate the sale to him.

From Lane: LAWRENCE T. HARRIS, Judge.

This is a suit by Jack Rodman against William P. Manning and Mary Manning, his wife, to enforce the specific performance of a contract to convey certain lands in Lane County, Oregon. From a decree in favor of plaintiff, defendants appeal.

REVERSED: SUIT DISMISSED.

For appellant there was a brief over the names of *Mr. I. N. Harbaugh* and *Messrs. Coovert & Stapleton,* with an oral argument by *Mr. George W. Stapleton.*

For respondent there was a brief over the names of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

Statement by MR. CHIEF JUSTICE MOORE.

This is a suit to enforce the specific performance of a contract to convey real property. The facts are that the defendants, William P. Manning and Mary, his wife, were the owners of 320 acres of timber land in Lane County, Oregon, and while residing at Roy, Washington, received a telegram November 17, 1906, from the plaintiff, Jack Rodman, who, the defendants knew, was engaged in the real estate business at Eugene, inquiring if they owned such property, and, if so, what was the price thereof. Manning, not knowing the value of the land at that time, in reply to the message wired as follows:

"Yes; price $4,000 less 5 per cent commission."

The plaintiff immediately telegraphed to Manning as follows:

"Will take it; send deed to me, First Nat'l Bank."

The deeds were made out and sent to the defendant bank as requested, with instructions that they be delivered upon the receipt of $3,800. Rodman on November 23, 1906, wrote Manning as follows:

"Will you kindly instruct the First National Bank to accept a deposit of $200 as evidence of good faith, and

to hold your deeds to me for two weeks, so as to give me a little time to get together some other pieces which I am endeavoring to collect, in order to make a sale of it all together? If this will not inconvenience you it will be an accommodation to me, and I will make the deposit as soon as I get word from you that you have so instructed the bank."

Manning in reply thereto sent the plaintiff a postal card, stating that he had directed the bank as requested; but on November 26, 1906, he countermanded the order, and notified the bank not to deliver the deeds. Thereafter Rodman tendered to the bank $3,800, and demanded the deeds, but failed to obtain them. Prior to such tender, the plaintiff had agreed with certain persons to sell and convey to them the defendants' lands, for which he was to receive $6,500.

The complaint herein is in the usual form.

The answer alleges that the plaintiff was the defendants' agent in negotiating the sale of their property, and that, having concealed from them the value of the premises, they are not bound by their contract.

The reply put in issue the allegations of new matter in the answer, and, the cause having been tried, resulted in a decree as prayed for in the complaint; and the defendants appeal.

1. The important question to be considered is whether or not the plaintiff was employed by the defendants to negotiate a sale of their real property. "A broker," says Mr. Hammon, "is one who is engaged for others on a commisison negotiating contracts relative to property with the custody of which he has no concern." 19 Cyc. 186. The chief feature which distinguishes a broker from other classes of agents is that he is an intermediary or middleman who in effecting a sale or exchange of property acts, in a certain sense, as the agent of both parties to the transaction. *Vinton* v. *Baldwin*, 88 Ind. 104 (45 Am. Rep. 447); *Saladin* v. *Mitchell*, 45 Ill. 79; *Higgins* v. *Moore*, 34 N. Y. 417. A person who is a

salaried agent, and not acting for a fee or rate per cent for others, is not a broker. *Portland* v. *O'Neill,* 1 Or. 218.

2. "When a broker," says Mr. Commissioner KING, in *Wolverton* v. *Tuttle,* 51 Or. 501 (94 Pac. 961, 963), "is notified by the vendor that he will pay no commissions, and, after receipt of such notice, the broker continues the negotiations for the sale, it is presumed that he is agent of the purchaser and looking to him for his compensation."

3. The converse of the legal principle thus asserted must be true, from which it follows that, when the owner of property offers to pay a person a commission for negotiating a sale or exchange thereof, the acceptance of the proposition necessarily creates the relation of agency between them. The defendants were aware that the plaintiff was engaged in the real estate business, and, when they received his first message, they had the right to infer from the nature of his occupation that he was acting as the agent of some person unknown. *Baxter* v. *Duren,* 29 Me. 434 (1 Am. Rep. 602). When under such circumstances, the defendants proposed to pay the plaintiff a stated commission for effecting a sale of their real property, the acceptance of such offer made him their agent. This seems to be the construction he first placed on the contract, for it will be remembered that in his letter written to Manning, November 23, 1906, he stated that he desired an extension of time in order that he might make a sale of other tracts of land at the same time. "An agent to sell land," says Mr. Justice JAGGARD, in *Kingsley* v. *Wheeler,* 95 Minn. 360, 362 (104 N. W. 543, 544), "does not fulfill the measure of legal requirements by merely carrying out his specific instructions. He owes the duty of making a full, fair, and prompt disclosure of all facts affecting the principal's rights or interests, or pertaining to the sale of land by him. He is denied the right to profit at the expense of his principal by concealment of facts which he ought to have revealed."

4. When an agent employed to sell land becomes himself the purchaser by making a contract with his principal, from whom he conceals the fact that a greater price may be obtained from another person, he is guilty of such fraud as will justify a violation of the agreement.

Believing that the facts hereinbefore stated bring the case within the principle adverted to, it follows that the decree should be reversed and the suit dismissed; and it is so ordered.                REVERSED: DISMISSED.

---

Decided March 28, 1909.

ON PETITION FOR REHEARING.
[99 Pac. 1135.]

Opinion by MR. CHIEF JUSTICE MOORE.

It is contended by plaintiff's counsel, in a petition for a rehearing herein, that in determining the agency of their client this court passed upon a matter not in issue, and its conclusion is, therefore, a nullity. It is alleged in the answer, in substance, that the plaintiff was a member of a firm of brokers known as Coffman, Smith & Rodman, with whom the defendants listed their lands for sale; and that by reason of such confidential relation the price which Rodman was to have received for the real property, without disclosing the consideration to the defendants, rendered their agreement to sell ineffectual.

The evidence tended to show that the land was originally registered for sale with a firm composed of Coffman and another, which co-partnership was changed several times, until Rodman became a member thereof; that neither Coffman nor Smith had any interest in the contract which Rodman secured. It is quite probable that the first listing was not so perpetuated as to render the several members of the present firm agents of the defendants. The decree of the lower court is based on the assumption that the agency which was created by the

original contract did not extend to the firm of Coffman, Smith & Rodman. As the defense was placed on the ground of agency, and the plaintiff's relation in that capacity has been legally established, the averments of the answer sufficiently notified him of the nature of the issue which he would be required to meet; and this being so, the petition for a rehearing is denied.

REVERSED: REHEARING DENIED.

---

On motion to retax costs: Denied March 23, 1909.
(For former opinion see 52 Or. 173.)