SAWYER, Respondent, v. ISSENHUTH, Appellant.

(141 N. W. 378.)

1. **Brokers—Employment—Sufficiency of Evidence.**

Evidence held sufficient to justify finding that defendant was acting as agent of plaintiff to sell her land, so that any alleged purchase of the land by defendant himself without plaintiff's knowledge or consent was unauthorized, and voidable by plaintiff.

2. **Appeal—Findings—Conclusiveness of.**

A finding on closely conflicting evidence will not be disturbed on appeal.

3. **Brokers—Employment to Procure Purchaser—Sale by Agent to himself—Liability.**

Where an agent employed by owner to sell realty, himself purchased it with his own money without knowledge of owner, and obtained a deed with name of grantee in blank, and inserted name of his wife as grantee, he and his wife held the legal title in trust for the owner; and where the agent later sold the land, the owner was entitled to the net proceeds or profits of such sale over and above what she had already received from defendant.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Berenice Lacey Sawyer against Charles C. Issenhuth, to recover an alleged balance of purchase money for land of plaintiff sold by defendant as plaintiff's agent, but which defendant claims to have himself purchased of plaintiff. From a judgment for plaintiff, defendant appeals. Affirmed.

*A. W. Wilmarth,* for Appellant.

Defendant never at any time was the agent of the plaintiff and he at all times had a right to individually purchase the land of her.

Cyc., Vol. 31, 1189; Civil Code, Sec. 1656; 2d Ed. Vol. 1, A. & E. Enc. of Law, p. 937.

This transaction was on basis of an option sale. Robinson v. Easton, 93 Calif. 80, 28 Pac. 796; Stewart v. Pickering, 73 Iowa, 652, 35 N. W. 690; Etna Powder Co. v. Hilderbrandt, 137 Ind. 462, 45 Am. State Reports, 194; Keene v. Demelman, 172 Mass. 17, 51 N. E. 188; Burke v. Bours et al., 98 Cal. 171 26 Pac. 102; Foster's Appeal, 34 Pa. St. 29.

*Gardner, Fairbank & Churchill,* for Respondent.

The defendant was the agent of the plaintiff. Durand v. Preston, 128 N. W. 129.

An agent cannot deal in the real estate of his principal. S. D. Civil Code Title "Agency" Sec. 1680; S. D. Civil Code Title "Obligation of Trustee" 1617 to 1628; Buchanan v. Randall, 109 N. W. 513, S. D.; Durand v. Preston, 128 N. W. 129, S. D.

Anderson v. Bank, 5 N. D. 80, again decided in 6 N. D. 497, and affirmed by Supreme Court of the United States, 172 U. S. 573.

The amount of consideration, the absence of undue influence or other similar features, are wholly immaterial. Meacham on Agency, Sec. 455; Pomeroy on Equity, Sec. 959; McNutty v. Dix, 47 N. W. 212, Mich.; Smith v. Leopold, 53 N. W. 719, Minn.; Burke v. Bours, 28 Pac. 57, Cal.

The fact that he paid the authorized price will not validate the purchase by the agent. Tillerny v. Wolverton, 46 Minn., 256, 48 N. W., 908; Rockford Watch Co. v. Manifold, 55 N. W. 236, Neb.

McCOY, J. In this case plaintiff claims that on and prior to July 9, 1907, she was the owner of a certain quarter section of land in Beadle county; that prior thereto defendant became her agent authorized to find a purchaser for said land; that about the 1st of July, 1907, defendant notified and advised plaintiff that he had a purchaser who would pay $16 per acre, or $2,560, therefor, and that he would make such sale for a commission of $60, returning and accounting to plaintiff the net sum of $2,500; that that was the best and most advantageous sale he could make for plaintiff; that plaintiff relying upon the fidelity of her said agent and believing that he was acting in good faith and for her best interest, and that he had in good faith effected a sale of said land

and was obtaining the full value thereof, accepted said offer of $2,560, and agreed to allow defendant $60 commission out of said purchase price; that on July 9, 1907, plaintiff executed and delivered to defendant a deed of said land with the name of the grantee left blank, and received from defendant the sum of $2,500, the defendant retaining the sum of $60 commission; that at the time said deed was presented to plaintiff for execution defendant notified and informed her that he did not know in whose name the purchaser desired such deed, whether in his own, his wife's, or some other person's name; that the defendant fraudulently and without any notice or knowledge to plaintiff, and in violation of his duty as agent of plaintiff, himself purchased said land with his own money, and inserted the name of the wife of defendant as the grantee in said deed, and that shortly thereafter, in December, 1907, defendant resold said land for $3,440 net to him. On the other hand, defendant denies that he was the agent of plaintiff in the transaction of the said sale of said land to him; defendant also denies that he perpetrated any fraud or deceit upon plaintiff in relation thereto, alleges that he informed plaintiff prior to such sale that he himself was the purchaser, or would be in case the other purchaser he had in view did not take the land, and that plaintiff received full value for her land at the time the same was sold to defendant, and that plaintiff accepted and received the $2,500 with full knowledge and notice of all the facts in relation to such sale, and that he, defendant, was the purchaser.

Findings of fact, conclusions of law, and judgment thereon were made and rendered in favor of plaintiff, finding that the said contention of plaintiff was true, and that defendant still had in his hands $880 belonging to plaintiff as proceeds for the sale of said land, which amount defendant was adjudged to pay the plaintiff. Defendant appeals, assigning various errors and alleging insufficiency of the evidence to justify or sustain the said findings. There are three principal contentions urged by appellant in his brief: First, that he never at any time was the agent of plaintiff, and had at all times a perfect right to individually purchase the said land from plaintiff; second, that, conceding defendant to be the agent of plaintiff, he did not deceive her in any manner, and that she did not in any manner rely upon his statements as agent; that she received full value for her land, and therefore had no legal

right to recover; third, that, even if defendant was the agent of plaintiff, before he purchased said land, he duly informed her that he was going to purchase the same himself, and received her consent that he might so purchase the same.

[1]　It appears that one John F. Lacey, of Oskeloosa, Iowa, is the father of plaintiff and who owned a number of quarter sections of land in Beadle county. On July 5, 1906, defendant wrote Lacey as follows: "Some weeks ago we had some correspondence regarding the placing of your lands in my hands to sell. In asking this I do not mean that you are to give me the exclusive control of your land for the purpose of selling. I want to have an opportunity to sell your holdings with the other party. All I ask that when another party has sold a quarter or so notify me that I will not needlessly show it after it is sold. I am enclosing you some of my listing cards and will appreciate your filling them out and returning same to me." Subsequently, on July 30, 1906, listing cards were returned. One of the cards listed the said quarter section of Mrs. Sawyer, the plaintiff, in her name. The letter accompanying the return of the listing cards from Lacey to defendant is as follows: "In answer to yours of recent date, I send you herewith a list of my lands and some land of my daughter in your county. I do not care to list this land at a fixed price for sale, but have given you the description so that if you have an opportunity to sell we can confer about it and make arrangements for the sale together with commission, etc., at that time." Subsequently Lacey again wrote defendant: "Replying to your recent letters I would say I do not especially care to sell my Beadle county land, unless I could get a good price for it. I gave one quarter-section to my daughter, a few years ago, and she would like to sell her land at $20.00 net." To this letter of Lacey's defendant answered as follows: "I am in receipt of your esteemed favor of April 29th and note that you do not care to sell any of your Beadle county lands unless a good price is secured. I further note that the N. E. of Sec. 9-110-63 belonging to your daughter is for sale at $20.00 per acre net to her. I am pleased to have this quarter for sale as I personally own the one immediately south of your daughter's land, which will enable me to place the half section. I, however, am offering my land at $3,000 and would be much pleased if I could place your daughter's land at the same figure. I have placed this

506		SAWYER v. ISSENHUTH.		[31 S. D

land on my regular list and will do the best I can in making a
sale." Subsequently Lacey again wrote defendant: "Should you
have bids for my daughters land at a price less than that which
you are authorized to sell, please submit them to her, through me,
for consideration." Subsequently, on June 25, 1907, C. E. Sawyer,
the husband of plaintiff, wrote defendant as follows: "Some time
ago Mrs. Sawyer's father, Hon. John F. Lacey, advised you this
land was for sale, and asking for bids. We write now to inquire
if you have received any, and what you think of the prospects for
getting at least $20.00 an acre for it?" Subsequently, on June 27,
1907, defendant wrote C. E. Sawyer as follows: "Answering your
favor of June 25th would state that the Hon. John F. Lacey did
authorize me to sell the N. W. 9-110-63 and submit to him bids
that I may receive, at a less price than $20.00 per acre. Your in-
quiry as to whether or not I can sell this land for at least $20.00
per acre soon, would say that I do not think I can do so very
soon. I would like the exclusive sale of this land because of this
location to mine and will then be able to advertise and push the
sale of it. Thanking you for the inquiry and trusting that I have
anticipated your wants, I remain at your commands." On July 2d
defendant also wrote: "I had a party out to see this land together
with mine and made me an offer of $16.00 per acre. He wants the
half section and that is his best offer. Now I am unloading my
stuff and if you will accept $2500.00 for this land, I will be satis-
fied with the $60.00 commission and let mine go with it. If this
is satisfactory to you, kindly use the enclosed blank as deed and
execute the same, leaving the name of the buyer blank as I do not
know whether he wished it deeded to himself, wife or someone
else. I am sorry that I have nothing better to submit to you at
this time, but this is the only offer I have had on it and trust you
will see fit to accept it, in as much as I am anxious to sell mine
which joins yours on the south." Plaintiff testified that her father
and husband were acting for her with her knowledge and consent
in relation to the sale of said land. We are of the opinion the
evidence contained in this correspondence is amply sufficient to
show that defendant was acting as the agen of plainiff to sell said
lands. It will serve no useful purpose to herein further set out
the testimony bearing on this question.

[2] Whether the defendant notified plaintiff that he himself

was to be the purchaser of said lands was one of the disputed questions of fact before the court for decision, and the court found that the plaintiff was not so notified. We are of the opinion the evidence was sufficient to warrant such finding. This court will not diturb findings of the trial court made on closely conflicting testimony.

[3] Whether or not defendant as the agent of plaintiff deceived her in any manner other than as to his being the purchaser, and whether or not she relied upon his statements, or whether or not she received the full value of her lands in the sale to defendant is immaterial. Any sale made to himself by himself as agent, without her knowledge or consent, was unauthorized and was voidable by plaintiff, and was no sale at all so far as she was concerned, unless she thereafter ratified the same. Defendant and his wife, under the circumstances of this case, after July 9, 1907, held the legal title to said real estate in trust for plaintiff, and when defendant later sold the same plaintiff was entitled to the net proceeds or profits of such sale over and above what she had already received from defendant. Pomeroy, Eq., § 950; Meachem, Agency, § 445; Smith v. Leopold, 51 Minn. 455, 53 N. W. 719; Durand v. Preston, 26 S. D. 222, 128 N. W. 129; Kingsley v. Wheeler, 95 Minn. 360, 104 N. W. 543; Merriam v. Johnson, 86 Minn. 61, 90 N. W. 116.

After careful consideration of all the assignments of error, we are satisfied that no reversible error appears from the record, and the judgment and order appealed from are affirmed.